Filed December 11, 1895.

---

No. 17.547.

THE STATE, EX REL. BOARD OF COMMISSIONERS, ETC., *v.* JAMISON, AUDITOR.

MANDAMUS.—*By a County Against the Auditor of Another.—Attorney's Fee.—Appeal.—Criminal Law.*—One county cannot maintain mandamus against the auditor of another county to enforce collection of a claim by the former county against the latter, for money

| 142 | 679 |
| 148 | 427 |

| 142 | 679 |
| 153 | 373 |

| 142 | 679 |
| 157 | 48 |
| f157 | 362 |
| f157 | 540 |

| 142 | 679 |
| 165 | 345 |

The State, *ex rel.* Board of Commissioners, etc., *v.* Jamison, Auditor.

paid an attorney for the State on appeal in a criminal action transferred to such former county from the latter but such claim must, under section 7845, R. S. 1894, be presented to the commissioners of the latter county.

PRACTICE.—*Maxim.*—*Notice.*—Every one is entitled to his day in court, and no one shall be condemned unheard.

From the Tippecanoe Superior Court.

*C. Johnston* and *W. H. Johnston*, for appellant.

*C. E. Lake* and *J. B. Milner*, for appellee.

JORDAN, J.—This was an application, in the name of the State, by the board of commissioners, of the county of Montgomery, in the lower court, for a writ of mandate against appellee, auditor of Tippecanoe county, to compel him to issue a warrant upon the treasurer of his county, for the payment of money to reimburse Montgomery county for certain expenses and charges paid by it, and growing out of the trial of the cause of the *State of Indiana* v. *William F. Pettit*, charged with murder, and tried in the latter county upon a change of venue from the former.

It appears from the facts alleged in the complaint, that one W. C. Wilson, an attorney at law, previous to the change of venue of said cause, had been appointed by the Tippecanoe Circuit Court to assist the State's attorney in the prosecution of Pettit; that after the change to the Montgomery Circuit Court, the judge thereof appointed George P. Haywood, an attorney, to assist in the prosecution. Haywood and Wilson were allowed by the Montgomery Circuit Court for their services in the lower court, the sum of $1,500.00, and as to that amount Montgomery county has been reimbursed by the county of Tippecanoe. Pettit was tried, convicted and sentenced to be imprisoned in the State's prison for life. From this judgment he appealed to the Supreme

Court, and the trial court assigned Haywood to assist the State in said appeal, and for his services therein allowed him in addition, the sum of $2,000.00. The amount therefore in controversy is the two thousand dollars allowed and paid to Haywood for his said services in behalf of the State in said cause in the Supreme Court. The court sustained a demurrer to the alternative writ and application, and rendered its final judgment denying the writ and for cost against the relator. The action of the court in sustaining the demurrer is assigned as error.

The main question, which the parties to this appeal argue and seek thereby to present, is the validity of the allowance made by the Montgomery Circuit Court to Haywood and paid by that county upon the court's order for his service in said cause on the appeal to the higher court. Appellee contends that the court had no right or power to allow Haywood compensation for such services out of the public funds, neither under the appointment made assigning him to assist in the prosecution in the lower court, nor under the subsequent appointment, assigning him to assist the State in defense of the appeal in this court. The question thus sought to be presented for our decision is one of much interest to the public, but as the judgment must be affirmed for the reason, that the relator has not invoked the proper proceedings to secure reimbursement for the claim in question, we are not required to decide it.

In the case of *Trant, Aud.*, v. *State*, 140 Ind. 414, this court held that an action of mandamus will not lie against the auditor of a county to compel him to issue a warrant upon the county treasurer for the charges and expenses incurred and paid by another county, for a cause therein tried, upon a change of venue from the one wherein the cause of action arose.

This court in the case cited, said: "The order of the Grant Circuit Court auditing and allowing the cost and charges of the Sage case against Blackford county, * * * was not final or conclusive. Blackford county was not a party to such proceeding, and the appellant may contest the correctness of the allowance made."

It was further said: "Under these rules, Grant county must file her claim with the auditor of Blackford county, to be by him presented to the board of county commissioners, as required by section 7845, R. S. 1894, section 5758, R. S. 1881."

The holding in that case is decisive of this appeal, and it follows that the relator in this action cannot enforce collection of its claim in question, by a writ of mandate against the auditor of Tippecanoe county; but must present it to the board of commissioners of that county, as provided by section 7845, R. S. 1894, section 5758, R. S. 1881. The commissioners of that county can then, as provided by sections 7847 and 5759 of the statutes cited, examine into the merits of the claim, and allow it in whole or in part as they may find it to be just and owing. In the event the board should disallow the claim in whole or in part, the relator, as claimant therein, if it should feel aggrieved by the action of the board of commissioners, can exercise the right of appeal to the proper court, or institute an independent action, in which court the validity of the claim, or the reasonableness of the amount allowed for the services in question, under all the circumstances and evidence that may appear upon the trial thereof, may be judicially determined with both of the interested counties properly before the court. See *Board, etc.*, v. *Heaston*, 41 N. E. Rep. 457.

In the case of the *Board, etc.*, v. *Summerfield*, 36 Ind. 543, this court in answering the contention of counsel

therein that the order of the court in settling and allowing the expense and charges in controversy was conclusive, on page 546 of the opinion, said:

"We cannot concur with that view of the law. To make an order or judgment of the court final and conclusive it is necessary that the party to be affected should be a party to the record. The action of the Jennings Circuit Court in making such an allowance was *ex parte*. The board of commissioners of Brown county was in no sense a party to such proceedings."

A county, under the statute, is made an involuntary corporation, and clothed with the power to prosecute and defend suits, etc. (section 7820, R. S. 1894, section 5734, R. S. 1881). To assert the doctrine that a court is authorized, *ex parte*, to make an extraordinary allowance against a county, and enforce the payment thereof, by mandate, through the auditor, without giving it an opportunity to examine into the validity or merits of the claim or allowance, or to contest the same through its own legally constituted agents, in a proper court, would in effect militate against the ancient maxim of jurisprudence, that every one is entitled to his day in court, and no one shall be condemned unheard.

The auditor, generally speaking, is not the agent of his county. Therefore, if the court could make large allowances to parties for their services in and about the administration of justice, and, by an *ex parte* order, make them absolute and conclusive, and compel the payment thereof out of the public funds, by a mandate against the auditor, without giving the county liable therefor the right by its proper agents to examine into the validity of the allowance, or be properly heard in defense thereto; such a proceeding or action of the court might result in subjecting the public money to the payment of unlawful and exorbitant demands.

Such a result the law does not intend, and it is the duty of the courts to so construe it as to avoid this mischief, at least, so far as practicable.

As to the ultimate liability of Tippecanoe county for the allowance in question, we need not and do not decide, but we may, however, suggest, without deciding the question, that the power of the court, inherent or otherwise, under our present system of laws, to assign an attorney to assist the State in the defense of an appeal to this court, in a criminal action, and award him compensation for his services therein from the county treasury, may well be questioned. The reasons for denying this right or power are, we think, obvious. The statute makes it the imperative duty of the attorney-general to represent the State in the supreme court in all criminal cases, and while the services of the prosecuting attorney may be and generally are accepted by the attorney-general, in behalf of the State, in such appeals, still the latter officer has the exclusive control and management of the case upon appeal. *Stewart* v. *State*, 24 Ind. 142.

This officer is, from the high character of his office, and the amount of the compensation paid for his services, presumed, at least, to be an attorney of ability, learned and skilled in the science of his profession. Again, when the defendant in a criminal cause appeals from a judgment of conviction to this court, the State is relieved of the burden of the contest. In the trial court, it has the laboring oar, and the *onus* is cast upon it to convict the accused according to law, and to establish his guilt by the evidence beyond a reasonable doubt. But upon an appeal by the defendant to this court, which is merely one of error, the *status* of the parties is changed. The case comes here with all the ·presumptions in favor of the judgment of the lower court.

We do not weigh the evidence, nor reverse upon the question of preponderance. The burden under the rule by which the appeal is controlled, is cast upon the appellant, and he is required to affirmatively show by the record the error of which he complains, and that the same was prejudicial to his substantial rights. Therefore, the reasons or necessity that sometimes exist for the trial court to assign counsel to assist the State in the prosecution of a criminal, in the lower court, do not apparently exist in this court upon an appeal by the defendant.

For the reason that the relator cannot enforce his alleged right by mandamus, the court consequently did not err in sustaining the demurrer, and the judgment is affirmed.

Filed December 11, 1895.