## MINOR v. SUMNER ET AL.

[No. 11,392. Filed June 27, 1923.]

1. APPEAL.—*Pleading.—Complaint.—Striking Out for Want of Jurisdiction.—Statutes.*—That a court has no jurisdiction of the subject-matter of an action is ground for demurrer to the complaint, under §344, cl. 1, Burns 1914, Acts 1911 p. 415, and not for a motion to strike out, although where the facts averred are so palpably irrelevant to the matter in controversy that the pleading could not, by amendment, be made germane to the controversy, it would not be reversible error to strike it out. p. 270.

2. VENUE.—*Action to Set Aside Fraudulent Conveyances.—Separate Tracts in Different Counties.—Statutes.*—While actions to set fraudulent conveyances fall within §309, cl. 1, Burns 1914, §307 R. S. 1881, providing that actions for the recovery of real property or of any interest therein must be commenced in the county in which the subject of the action, or some part thereof, is situated, an action to set aside alleged fraudulent conveyances of separate tracts of land located in different counties at different times to different grantees by the same grantor in pursuance of a design, and in an effort to defraud his creditors, may be maintained in any county in which one of the tracts is located. p. 270.

3. APPEAL.—*Review.—Striking Out Paragraphs of Complaint.—Reversal.*—In an action to set aside alleged fraudulent conveyances of land, striking out paragraphs of complaint for want of jurisdiction of the subject-matter, *held* reversible error, where such paragraphs, though subject to demurrer, could have been amended to state a cause of action. p. 272.

From Dubois Circuit Court; *John F. Dillon,* Judge.

Action by Sallie Minor, nee Sallie Sumner, against

Elizabeth J. Sumner and others.    From a judgment for defendants, the plaintiff appeals.    *Reversed.*

*W. E. Cox, H. M. Kean* and *Watson & Esarey,* for appellant.

*Leo H. Fisher,* for appellees.

BATMAN, J.—This is an appeal from a judgment of the Dubois Circuit Court, in an action by appellant against appellees, wherein she sought to recover a personal judgment against appellee, Herbert H. Sumner, on a former judgment of said court rendered in her favor against him, and also to have certain deeds of conveyance set aside as fraudulent.   The complaint was originally in four paragraphs.   The first and third relate to real estate in Dubois county, Indiana, in each of which it is alleged that said Herbert H. Sumner and wife executed a like conveyance thereof to appellee pellee Elizabeth J. Sumner.   The second and fourth related to real estate in Perry county, Indiana, in each of which it is alleged that said Herbert H. Sumner and wife executed a fraudulent conveyance thereof to appellee John E. Stewart, and that the said Stewart and wife executed a like conveyance thereof to appellee Mary Sumner.   Appellee, Stewart, filed a separate motion, and all appellees filed a joint and several motion to dismiss said second and fourth paragraphs, which the court treated as motions to strike out, and sustained. Issues were joined on said first and third paragraphs, and the cause submitted to the court for trial, resulting in a judgment in favor of appellees, from which this appeal is prosecuted.

Appellant contends that the court erred in striking out the second and fourth paragraphs of her complaint, and in this contention we concur.   Each of the 1, 2. motions in question, as disclosed by their recitals, is based on a claim that the court had no juris-

diction of the subject matter, since it is alleged that the real estate involved therein is situated in Perry county, Indiana,—a county other than the one in which said cause was pending. That a court has no jurisdiction of the subject-matter of an action, is expressly made one of the grounds for a demurrer to a complaint. §344, cl. 1, Burns 1914, Acts 1911 p. 415. It is well settled, that a motion to strike out cannot perform the office of a demurrer, as the pleader would thereby be deprived of an opportunity to amend. *Huffman* v. *Newlee* (1919), 189 Ind. 14, 124 N. E. 731; *Wilson* v. *Tevis* (1916), 184 Ind. 712, 111 N. E. 181. If, however, the facts averred in a pleading are so palpably irrelevant to the matter in controversy that the pleading could not, by amendment, be made germane to the controversy, it would not be reversible error to strike it out. *Chicago, etc., R. Co.* v. *Dunnahoo* (1916), 63 Ind. App. 237, 112 N. E. 552. Section 309, cl. 1, Burns 1914, §307 R. S. 1881; provides that actions, "for the recovery of real property or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property," must be commenced in the county in which the *subject of the action, or some part thereof* is situated. Actions to set aside fraudulent conveyances fall within the provisions of this section. 1 Watson, Revision Works' Practice 90; *Vail* v. *Jones* (1869), 31 Ind. 467; *Dowden* v. *State* (1886), 106 Ind. 157, 6 N. E. 136. But a single action may be maintained to set aside alleged fraudulent conveyances of separate tracts of land in different counties, executed at different times to different grantees, in any county in which one of such tracts is located, where it is alleged that they were made by the same grantor in pursuance of a design, and in an effort to defraud his creditors. This is permissible on the theory that the *subject-matter* of the action is not

merely the land in the county where the action is in-stituted, but the alleged fraud in conveying the land in the several counties, which the creditor seeks to have subjected to the payment of his debt, by removing the impediment thrown in the way of its collection by the execution of the several conveyances.   We cite the fol-lowing in support of the conclusion stated, the first three cases involving statutes with substantially the same provision as that portion of said §309 Burns 1914, *supra,* quoted *Long* v. *Investment Co.* (1907), 135 Iowa 398, 112 N. W. 550; *Hunt* v. *Dean* (1903), 91 Minn. 96, 97 N. W. 574; *Real Estate Co.* v. *Lindell* (1896), 133 Mo. 386, 33 S. W. 466; *Trego* v. *Skinner* (1875), 42 Md. 426; *Morton* v. *Weil* (1860), 33 Barb. (N. Y.) 30; *Hamlin* v. *Wright* (1868), 23 Wis. 491; *Way* v. *Bragaw* (1863), 16 N. J. Eq. 213, 84 Am. Dec. 147; *Exchange Natl. Bank, etc.,* v. *Stewart* (1909), 158 Ala. 218, 48 So. 487; *Brian* v. *Thomas* (1885), 63 Md. 476; *Waller* v. *Shannon* (1876), 53 Miss. 500; *Rinehart* v. *Long* (1888), 95 Mo. 396, 8 S. W. 559; *Hammond* v. *Hudson River, etc., Co.* (1855), 20 Barb. (N. Y.) 378; *Bauknight* v. *Sloan & Co.* (1879), 17 Fla. 284; *Snod-grass* v. *Andrews* (1855), 30 Miss. 472, 64 Am. Dec. 169; *Donovan* v. *Dunning* (1879), 69 Mo. 436; *North* v. *Bradway* (1864), 9 Minn. 183 (Gil. 169) ; *Dawson Bank* v. *Harris* (1880)., 84 N. C. 206; *Chase* v. *Searles* (1864), 45 N. H. 511; *Bank of British, etc.,* v. *Suydam* (1852), 6 How. Prac. (N. Y.) 379; *Fellows* v. *Fellows* (1825), 4 Cow. (N. Y.) 682, 15 Am. Dec. 412.

While the second and fourth paragraphs of complaint were each subject to demurrer, as they were based on an alleged fraudulent conveyance of land in 3. Perry county, without any averments to connect such transaction with the conveyance of any land in Dubois county where the action was pending, it is clear that either one or both might have been so amend-

ed as to state a good cause of action by alleging, among other things, that the conveyance of the land in Dubois county, mentioned in the first and third paragraphs of the complaint, and the conveyance of the land in Perry county, mentioned in the second and fourth paragraphs of the complaint, were each made in pursuance of a design, and in an effort, to defraud her, and thereby defeat the collection of her judgment. This being true, it was reversible error to strike out said second and fourth paragraphs of complaint.

For the reasons stated, the judgment is reversed with instructions to sustain appellant's motion for a new trial, overrule appellees' respective motions to dismiss or strike out the second and fourth paragraphs of complaint, and to grant leave to amend each paragraph thereof, and for further proceedings consistent with this opinion.