KINGS COUNTY TRUST COMPANY, as Substituted Trustee of the Trusts Created by the Last Will and Testament of GEORGE A. POWERS, Plaintiff, *v.* FRANK MELVILLE, JR., Defendant.

Supreme Court, Kings County, June 8, 1926.

**Judgments — declaratory judgment — action for declaratory judgment to determine validity of lease — Supreme Court by prior order approved lease and authorized its execution — under Rules of Civil Practice, rule 212, trial court may refuse declaratory judgment — plaintiff should not be compelled to bring in additional parties defendant where trial court may decline jurisdiction.**

Under rule 212 of the Rules of Civil Practice the trial court will probably decline to pronounce a declaratory judgment to determine the validity of a lease executed by a trustee, where it appears that in a prior proceeding in the Supreme Court an order was made approving the proposed lease and authorizing its execution, since to render a declaratory judgment on said lease would be merely determining the validity of a judgment of a court of co-ordinate jurisdiction which would be beyond the purpose and scope of the provision permitting declaratory judgments; the parties to the proceeding herein are bound by the previous order ·which, to them at least, is *res adjudicata* and not subject to collateral attack.

In view of the probability that the trial court will decline jurisdiction of the action herein, plaintiff should not be compelled to incur what may prove to be a needless expense in bringing in additional parties defendants.

MOTION to bring in additional parties defendant.

*Brower, Brower & Brower*, for the plaintiff.

*Everett, Clarke & Benedict*, for the defendant.

HAGARTY, J. This is an action for a declaratory judgment, determining whether or not an instrument, dated February 15, 1913, described in the complaint, is a valid lease for the term therein specified, or any term, and declaring the rights, duties and status of the plaintiff in respect to the premises. By rule 210 of the Rules of Civil Practice, an action for a declaratory judgment, in matters of procedure, follows the forms and practice prescribed in the Civil Practice Act and the rules for other actions. By rule 212, the court may decline to pronounce a declaratory judgment if, in its disrection, parties should be left to relief by existing forms of action, *or for other reasons.* In my opinion, it is doubtful if the

trial court will entertain jurisdiction and pronounce a declaratory judgment in this action, for the following reasons:

1. In a proceeding heretofore duly instituted under the Real Property Law by the original trustee, such proceedings were had that, on February 15, 1913, an order was entered by Mr. Justice BENEDICT, of this court, authorizing the lease involved in this action. The order contains full recitals and, among others, a recital to the effect that each of the parties " entitled to notice of this application had been duly served as directed by one of the Justices of this court," and the order approved the proposed lease as theretofore agreed upon by the parties, and authorized its execution. The lease was duly executed, as authorized by the order. The predecessor of the plaintiff herein and the present defendant ratified, approved and accepted the fruits of the adjudication in the former proceeding by executing the lease thereby authorized. The parties to this action are bound by the order in that proceeding, which, to them at least, is *res adjudicata* and not subject to collateral attack. (*Barber* v. *Barnum,* 117 App. Div. 325; *Webster Realty Co.* v. *Delano,* 135 id. 488, 493; *McCarthy* v. *Marsh,* 5 N. Y. 263; *Dyckman* v. *City of New York,* Id. 434, 439.)

2. The former proceeding resulted in a judicial determination that the court had acquired jurisdiction and that the facts justified the court in authorizing the lease here involved. The purpose of the present action is to secure an adjudication as to the validity of that lease. Thus the court is asked to review and determine the validity of a judgment of a court of co-ordinate jurisdiction. In effect, it is asked to act in the capacity of an appellate court. This is contrary to fundamental principles, and is entirely beyond the purpose and scope of the provision authorizing declaratory judgments.

The fact that both the plaintiff and the defendant acquiesce in the present action is not controlling on the court. It appears to me that the trial court will decline jurisdiction. In view of this probability, the plaintiff should not be compelled to incur what subsequently may prove to be a needless expense in bringing in additional parties. If the trial court should decide to entertain jurisdiction, it has ample power to bring in any additional parties it may deem to be necessary. Motion denied.