LAMBERT *v.* SMITH, STATE FIRE MARSHAL

[No. 27,241. Filed November 14, 1939. Rehearing denied December 12, 1939.]

*C. Crawford McGuire,* for appellant.

*Omer S. Jackson,* Attorney General, *Glen L. Steckley,* Deputy Attorney General, and *J. Gordon Sherer,* for appellee.

SHAKE, J.—At all the times here involved the appellant was the owner of a house and lot in the city of Gary. On December 10, 1935, the chief of the Gary Fire Department, acting for the State Fire Marshal, ordered the removal of said house on the ground that it was a fire hazard because of its age and dilapidated condition and its proximity to other property. The State Fire Marshal confirmed the order on February 26, 1936. The appellant took an appeal from the order to the Lake Circuit Court, which sustained the order of the Fire Marshal, and entered judgment against the appellant on May 5, 1939. Appellant's complaint in that cause was in the nature of an argumentative denial of the findings of the Fire Marshal upon which the order of removal was made. It categorically denied that the building was a fire hazard; that it was in a

dilapidated condition; that inflammable and combustible matter, liable to cause an explosion, was stored therein; and asserted that the building could be repaired, renovated, and remodeled to obviate the conditions found to exist by the Fire Marshal. There was no allegation that the order of the Fire Marshal was arbitrary or unreasonable or that the statute under which it was made was unconstitutional or otherwise invalid. No questions of law were presented or saved in that action. These proceedings were had under the Acts of 1913, Ch. 192, § 7, as amended by Acts of 1927, Ch. 115, § 2, the same being § 20-807 Burns' 1933. Said statute says that there shall be no appeal from the judgment of the circuit court in such a case and none was attempted.

Subsequent to the above-mentioned proceedings, the appellant instituted this action in the same court that rendered the former judgment. The complaint was in two paragraphs. By the first he sought a review of the prior judgment for errors of law and by the second a declaratory judgment that said prior judgment was void and ineffectual. In both paragraphs he attacked, for the first time, the constitutionality of the above-mentioned statute. The Attorney General entered a special appearance and moved to dismiss the action, which motion was sustained, and judgment rendered for the appellee. This appeal followed. Two issues of law are presented for our determination: (1) whether appellant is entitled to a review of the original judgment under the allegations of the first paragraph of the complaint; and (2) whether an action for a declaratory judgment may be maintained for that purpose under the facts disclosed by the second paragraph.

A complaint to review a judgment must show that proper objections or exceptions were reserved in the

original proceedings to save the error subsequently sought to be corrected. *Myer* v. *Minch* (1910), 45 Ind. App. 495, 91 N. E. 32. This rule, of course, does not apply to cases in which the error is not waived by failing to except, as where the complaint does not state any cause of action or the court has no jurisdiction over the subject-matter. *Davis* v. *Perry et al.* (1872), 41 Ind. 305; *Davidson* v. *King et al.* (1875), 51 Ind. 224. Appellant's first paragraph of complaint filed in the proceeding now before the court, wholly fails to present any recognized ground for review. It was clearly subject to demurrer for want of facts.

The Declaratory Judgments Act (Acts 1927, Ch. 81, § 2, § 3-1102 Burns' 1933) provides that:

"Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

Giving this section the broadest possible interpretation and conceding that in a proper case a party may have a declaration of rights, status, or other legal relations under a judgment, we are convinced that such statute may not be utilized to assert the invalidity of a judgment. To permit such would amount to a collateral attack. *Bowser* v. *Tobin* (1939), 215 Ind. 99, 18 N. E. (2d) 773. Under a statute substantially like ours, the Court of Appeals of the Commonwealth of Kentucky has held that an action for a declaratory judgment can not be utilized for the purpose of having a review of a prior adjudication between the same parties. *Shearer*

*and Ramsey* v. *Backer* (1925), 207 Ky. 455, 269 S. W.
543; *Back's Guardian* v. *Bardo* (1930), 234 Ky. 211,
27 S. W. (2d) 960. The Supreme Court of New York
for Kings County reached the same conclusion in *Kings
County Trust Co.* v. *Melville* (1926), 127 Misc. 374, 216
N. Y. S. 278. To like effect is *Williamsport* v. *Williamsport Water Co.* (1930), 300 Pa. St. 439, 150 A. 652.

Appellant complains of the procedure of the trial
court in dismissing his action. He calls attention to
section 2-901 Burns' 1933, which enumerates the
circumstances under which a court may dismiss
an action, and provides that:

"In all other cases, upon the trial, the decision
must be upon the merits."

It is asserted that the statutory causes for which dismissal may be entered do not contemplate such action
under the situation here appearing. While the insufficiency of each paragraph of the complaint could, and
perhaps should have been, presented by demurrer instead of motion to dismiss, the court's action in dismissing the cause was at most harmless error that does
not require reversal. This must be true, because the
appellant could not possibly have amended his complaint
to state a good cause of action for review or for a
declaratory judgment. *Chicago, etc., R. Co.* v. *Dunnahoo* (1916), 63 Ind. App. 237, 246, 112 N. E. 552; *Minor*
v. *Sumner* (1923), 80 Ind. App. 269, 271, 140 N. E. 580.

No reversible error having been pointed out, the
judgment of the Lake Circuit Court is affirmed.