STATE EX REL. INDIANAPOLIS WATER Co. *v.* NIBLACK,
JUDGE, ETC.

[No. 29,756.    Filed October 6, 1959.]

*G. R. Redding, E. C. Ulen, Jr.,* and *Baker & Daniels,*
of counsel, all of Indianapolis, for relator.

*Ruckelshaus, O'Connor & Ruckelshaus,* of Indianapolis, for respondent.

PER CURIAM.—This is an original action for writ of prohibition restraining respondent court from taking any further action in a certain action pending before it brought by Samuel J. Kagan and others against relator utility, which action was denominated by the complaint as "Complaint for Breach of Contract and Accounting." We issued the temporary writ.

From the petition and response it appears that the complaint filed in respondent court alleges that plaintiff Kagan and others, individually and as members of a class have made cash deposits with relator utility for extension of water mains in real estate additions in which said plaintiffs own property. That plaintiffs Kagan and others have been required to arrange with relator utility for the latter to construct and extend said mains for the purpose of servicing said residential properties. That when relator-utility agreed to construct said mains, plaintiffs Kagan and others, made said cash deposits based on estimated construction costs; that there was then in full force the following rule and regulation of the Public Service Commission applicable to relator which is in part as follows:

> "In the matter of extensions of facilities for utility service in municipalities, the Commission exercises only appellate jurisdiction. The Commission believes that under ordinary conditions the following provisions are reasonable and in matters coming before it the Commission will be guided by them."
>
> . . . . . .
>
> "If the extension required in order to furnish service at any point within the corporate limits of a municipality, or for any adjacent suburb of a municipality, is greater than the free extension

specified herein, such an extension shall be made under the following conditions; the utility may require a deposit of the cost of the extension above the free limit and *shall in such case, for each additional customer connected to the extension within a period of eight years from the making of such extension, refund an amount by which six times the estimated annual revenue of the new customer exceeds the cost of connecting such new customer,* but at no time shall the aggregate refund made to any customer exceed the original deposit of such customer." (Our emphasis).

Respondent contends the court below has jurisdiction of the cause under Burns' §54-706 (1951 Replacement), which provides as follows, viz:

"If any public utility shall do, or cause to be done or permit to be done, any matter, act or thing in this act prohibited or declared to be unlawful, or shall omit to do any act, matter or thing required to be done by this act, such public utility shall be liable to the person, firm or corporation injured thereby in the amount of damages sustained in consequence of such violation: Provided, That any recovery as in this section provided shall in no manner affect a recovery by the state of the penalty prescribed for such violation." Acts 1913, ch. 76, §116, p. 167.

Petitioner contends respondent court is without jurisdiction because under the doctrine of primary jurisdiction, complaints raising factual issues which an administrative body is empowered to resolve, require initial resort to the administrative agency, which here is the Public Service Commission. We should note, however, that the commission has no judicial power to render a money judgment, as is sought by plaintiff in respondent court.

It is impossible from an examination of plaintiff's complaint, filed in the court below, to ascertain

on what theory it proceeds. Although it is called a "Complaint for Breach of Contract and Accounting," the only reference to a contract is in the phrase:

"When the defendant agreed to construct the water mains . . . plaintiffs were required [to] and did make cash deposits with defendant [relator] based on estimated construction costs . . . ."

There is no mention whether any supposed contract was written or oral, who the parties to it were, when it was executed, what it provided, or when or how it was breached.

The complaint makes reference to Rule 29 of the Public Service Commission of Indiana, *supra*, which it states governed defendant's-relator's activities with respect to refunds, but that defendant-relator in certain instances applied a different formula. Rule 29, however, which is attached as an exhibit (A) to the complaint and heretofore set forth in part, states only in this respect that "The Commission believes that under ordinary conditions the following provisions are reasonable and in matters coming before it the Commission will be guided by them."

It is difficult for us to perceive how the complaint filed in respondent court can find proper reliance upon the provisions of a rule providing simply that "The Commission believes that under ordinary conditions the following provisions are reasonable and in matters coming before it the Commission will be guided by them." This would appear not to be a jurisdictional matter but rather a question of whether sufficient facts are stated to constitute a cause of action. However, we realize the complaint below could be amended and it is not our province in this original action to pre-judge the sufficiency of the allegations of the complaint as against

a motion to strike, a motion to make specific or a demurrer for insufficient facts that may be addressed to it. Our courts have similarly recognized the right of a plaintiff to amend his complaint in cases when a motion to dismiss is filed raising questions which could be raised by demurrer,[1] and we have held it is only when the complaint could not possibly be amended to state a good cause of action that a ruling sustaining such a motion to dismiss will be deemed harmless.[2]

Likewise in the case before us we do not believe we should be overzealous to rule on a jurisdictional question involving a vague and indefinite complaint when the parties should attempt to determine properly the issues presented in the case by addressing proper motions or pleadings to the trial court.

In view of the failure of the pleadings in respondent court to state in clear and concise language the factual issues upon which the cause of action is predicated, we are unable to conclude, upon the present state of the record before us that respondent court did not have jurisdiction of the cause below, but it is our view that respondent court should be permitted to consider the question of the sufficiency of the pleadings filed before it, including the question of whether the complaint states a cause of action, when tested by such pleadings as are appropriate to determine these matters.

Upon the present state of the record, the temporary writ of prohibition is therefore dissolved and the permanent writ denied.

---

1. *Lambert* v. *Smith, State Fire Marshal* (1939), 216 Ind. 226, 23 N. E. 2d 430; See also: *Chicago, etc., R. Co.* v. *Dunnahoo* (1916), 63 Ind. App. 237, 112 N. E. 552; *Minor* v. *Sumner* (1923), 80 Ind. App. 269, 140 N. E. 580.

2. *Yelton* v. *Plantz* (1948), 226 Ind. 155, 77 N. E. 2d 895.

Jackson, J., concurs in result;

Bobbitt, J., dissents without opinion.

NOTE.—Reported in 161 N. E. 2d 377.