JOSE *v.* THE INDIANA NATIONAL BANK OF INDIANAPOLIS, ETC., ET AL.

[No. 20,069. Filed July 5, 1966. Rehearing denied August 17, 1966.]

*Ralph Hamill, John P. Price, Arch N. Bobbitt,* and *Hollowell, Hamill & Price,* of counsel, of Indianapolis, for appellant.

*Howard P. Travis, Lewis C. Bose, Sherwood Blue, Theodore L. Locke,* and *Royce, Travis, O'Brien & Hendrickson,* of counsel, of Indianapolis, for appellees.

BIERLY, J.—This action arose out of a suit to set aside a judgment and decree, rendered on March 6, 1963, by the Probate Court of Marion County, which purported to quiet title,

to partition certain real property, and to appoint a commissioner for the sale of such property. The original suit was brought against Realty Sales Corporation and Oscar A. Jose, Sr., and upon his death, personal representatives were duly appointed to continue the suit. Judgment in the original suit was in favor of the Estate of Oscar A. Jose, Sr., and the plaintiff therein.

In the suit to set aside this judgment by Oscar A. Jose, Jr., (Appellant herein), a motion to strike the complaint and dismiss the action was filed by the appellees. The court sustained said motion with prejudice, taking judicial notice of its own records involving the original suit. Further, the court found that the appellant was not a party to the original suit; that he had no interest in the real estate in question; and, further that the appellant is not a proper party to seek to have said decree set aside.

Appellant assigns as error the following grounds:

1. That the court erred in sustaining appellees' motion to strike the complaint and/or dismiss the action, and rendering judgment thereon.
2. That the court erred in refusing to permit appellant to file an amended complaint.
3. That the court erred in overruling appellants motion for a new trial.

Appellant's argument is based on two points. The first is whether or not the appellees have properly presented the question of the capacity of the appellant in the trial court; and secondly, was the appellant a proper party to file a suit to set aside a judgment?

We shall consider the latter question first.

As a general rule, only a party or his heirs, devisees, or personal representative of the deceased party, may file a suit to set aside the judgment of the original proceedings. *Rosencranz* v. *Tidrington* (1927), 199 Ind. 140, 155 N. E. 705; *Owen et al.* v. *Cooper* (1874); 46 Ind. 524.

An exception to this rule exists if there has been a non-joinder of a indispensable party to the original proceedings whose rights have been adversely affected thereby.

The requirements set forth in the above rules of law, were met in the case at hand because the personal representative of Oscar A. Jose, Sr., stepped into his position and prosecuted the litigation pursuant to Burns' § 2-403, 1946 Replacement (1965 Supp.). Under this statute, in survival actions, the personal representative bears the same relation to the suit as if he were the original party. *Champ et al.* v. *Kendrick, Trustee* (1891), 130 Ind. 549, 30 N. E. 787.

The only question which can then be raised is whether or not we have an exception to the general rule. The answer to this is in the negative. The court below took judicial notice of its records, and determined this question. In so doing, it was determined that at the time the original action was commenced, there were no other indispensable parties to the litigation, and upon the death of one of the indispensable parties, namely Oscar A. Jose, Sr., his personal representative was duly appointed and proceeded with the action.

Having determined that the appellant did not have the capacity to bring a suit to set aside a judgment, we must now turn to the question involving the method by which the appellee raised the question of incapacity in the trial court.

The appellant, in this cause, maintains that the only pleading in which the legal capacity of the parties to sue can be raised is by demurrer, pursuant to Burns' § 2-1007, 1946 Replacement, or by answer pursuant to Burns' § 2-1011, 1946 Replacement. Generally, this may be true but there are exceptions, and the case at bar is one of them. There is a distinction to be drawn between testing the sufficiency of a complaint and testing the sufficiency of a cause of action. The trial court in this case, could easily ascertain whether or not the appellant could have amended his com-

plaint to state a good cause of action, and it properly did so, by taking judicial notice of its own records. In so doing, it examined not only the complaint but also its court records, thereby testing the sufficiency of the cause of action. As a result, the trial court determined that appellant could not possibly have amended his complaint to state a good cause of action, and properly dismissed the cause. *Lambert* v. *Smith, State Fire Marshal* (1939), 216 Ind. 226, 23 N. E. 2d 430.

Capacity can also be raised pursuant to Burns' § 2-2524, 1946 Replacement (1966 Supp.). Unfortunately, this provision was not in effect at the time this action arose, for if it had been, the question before us now would not have arisen. The practical effects of a judgment by way of a motion to dismiss, and by a motion for a summary judgment are the same. They both result in a final determination of the controversy at the trial level, and if the party who is adversely affected at that level wishes to pursue the matter, he has the right to appeal.

One reason for the right to appeal in these instances is because it is the policy of the law to give a person his day in court. The *State, ex rel. Board of Commissioners, etc.,* v. *Jamison, Auditor* (1895), 142 Ind. 679, 42 N. E. 350. By effecting a final determination by means of a summary judgment, and dismissal with prejudice on the pleadings, the court has prevented the party from having his day in court.

On the other hand, we realize the necessity for such determinations by the trial court to expedite cases which present no triable issue of fact; thus, giving some relief to their overcrowded dockets. But even so, this court closely scrutinizes adjudications on the pleadings with a narrow eye, ever vigilant for a possible error, and will not hesitate to reverse a decision if an error be found, unless the error itself was harmless and reversal would serve no useful purpose. *State ex rel. Indianapolis Water Co.* v. *Niblack, J.* (1959), 240 Ind. 32, 161 N. E. 2d 377; *Yelton* v. *Plantz* (1948), 226 Ind. 155, 77 N. E. 2d 895.

In the case at bar, we are of the opinion that the trial court, in sustaining appellees motion to strike and/or dismiss appellants complaint with prejudice, did so properly and the error, if any, was harmless. Perhaps, counsel for the appellee could have chosen a more desirable pleading to test the appellant's complaint; namely, a demurrer; thus, giving the appellant a chance to plead over. This would have burdened the trial court with unnecessary additional pleadings, however, for the appellant could not possibly have amended his pleading to state a cause of action; thus, the result reached would have been the same as in the case at bar. Today, a motion for a summary judgment would serve the desired result of all parties concerned in situations such as these, including the trial court, but unfortunately this method was not available at that time. For the reasons stated above, we are of the opinion that the judgment of the trial court should be affirmed.

Judgment affirmed.

Smith, C. J., Hunter and Mote, JJ., concur.

NOTE.—Reported in 218 N. E. 2d 165.