**INDIANA BELL TELEPHONE COMPANY, INCORPORATED d/b/a Ameritech Indiana, Appellant,**

v.

**OFFICE OF UTILITY CONSUMER COUNSELOR, Appellee/Cross-Appellant,**

v.

**Indiana Utility Regulatory Commission, Smithville Telephone Company, Inc., TCG Indianapolis, Indiana Cable Telecommunications Association, Inc., AT&T Communications of Indiana, Inc., Worldcom Inc., d/b/a LDDS Worldcom, MCI Telecommunications Corporation, Sprint Communications Company, L.P., United Telephone Company of Indiana, United Senior**

Action of Indiana, Inc., Citizens Action Coalition of Indiana, Inc., American Association of Retired Persons, Inc., Shared Technologies Fairchild Telecom, Inc., LCI International, Inc., and Time Warner Communications of Indiana L.P., Appellees.

No. 93A02–9801–EX–22.

Court of Appeals of Indiana.

March 14, 2000.

Sue E. Stemen, Ameritech Indiana, Teresa E. Morton, Stanley C. Fickle, Mark A. Lindsey, Barnes & Thornburg, Indianapolis, Indiana Indianapolis, Indiana, Attorneys for Appellant.

Anne E. Becker, Timothy M. Seat, Indiana Office of Utility Consumer Counselor, Attorneys for Appellee/Cross–Appellant.

Michael A. Mullett, Mullett & Associates, Indianpolis, Indiana, Attorney for Appellees.

## OPINION ON REHEARING

MATTINGLY, Judge

In a recent opinion [1] we held that 1) the Indiana Utility Regulatory Commission ("the Commission") improperly adopted an alternative ratemaking procedure without affording interested parties adequate notice and hearing and thus lacked authority to issue its Final Order; 2) the rates Ameritech Indiana ("Ameritech") could charge pending an appropriate determination by the Commission would be the rates on file with the Commission at the expiration of the Opportunity Indiana settlement agreement; 3) the Commission properly denied a request by the Office of Utility Consumer Counselor ("OUCC") to make Ameritech's interim rates subject to refund; and 4) the Commission did not err when it ordered Ameritech to provide certain infrastructure improvements called for in

the settlement agreement. Petitions for rehearing were filed by Ameritech, by the OUCC, and by three entities who were aligned on appeal with the Commission: the American Association of Retired Persons, the Citizens Action Coalition of Indiana, and United Senior Action of Indiana ("the Citizens Groups").

We deny the petitions from the OUCC and the Citizens Groups,[2] but grant the Ameritech petition in part[3] in order to clarify the nature of the Commission's authority to enforce a settlement agreement. In footnote twelve of our opinion we stated "[t]he Opportunity Indiana settlement agreement would be interpreted under general principles of contract law. Courts, or in this case the Commission, retain the inherent power to enforce agreements entered into in settlement of the underlying

---

**1.** *Indiana Bell Tel. Co., Inc. v. Office of Util. Consumer Counselor*, 717 N.E.2d 613 (Ind.Ct. App.1999).

**2.** Our determination that the interim rates were not subject to refund was premised on the well-established rule that the Commission may not enter orders that retroactively set rates. The OUCC petitions for rehearing on the ground that that part of our opinion which addressed the refund of interim rates "used broad, unqualified language indicating that the Commission does not have the statutory authority to ever make rates interim and subject to refund due to the prohibition against retroactive ratemaking in Ind.Code § 8–1–2–68." (Br. in Supp. of the Indiana Office of Utility Consumer Counselor's Pet. for Reh'g at 1–2.)

The OUCC relies exclusively on a decision addressing a refund which we characterized as "prospective" rather than "retroactive" and which we found permissible under the Commission's emergency powers. *City of Richmond v. Public Serv. Comm'n*, 406 N.E.2d 1269, 1275–76 (Ind.Ct.App.1980). Because the Ameritech litigation involved neither a prospective refund nor an emergency, we must decline the OUCC's invitation to add dicta to our original decision and we deny its petition for rehearing. Because we deny that petition for rehearing, we deny Ameritech's Motion for Leave to File Response Brief Addressing New Arguments in Untimely "Brief on Rehearing of the Indiana Utility Regulatory Commission."

In their petition the Citizens Groups ask us to reach the same result as that advocated by the OUCC but by a different analysis. The Citizens Groups do not challenge the general rule that retroactive ratemaking is outside the Commission's authority. However, they ask us to "supplement" our decision by stating that Ameritech will be obliged to refund to its customers any difference between the rates on file at the expiration of Opportunity Indiana and the rates the Commission determines on remand should have been in effect after January 1, 1998. The Citizens Groups base their argument on Ind.Code § 8–1–3–6, which allows a utility to charge, pending appeal, the higher of the rate fixed by the decision being appealed or the former rate. The statute provides that if the utility chooses the higher rate, then it must refund the difference between the two choices if the higher rate is not sustained on appeal. Because our decision on appeal did sustain the higher rate insofar as it determined the Commission's rate reduction proceedings were improper, it is not apparent that Ind.Code § 8–1–3–6 is implicated in the case before us. Regardless, we decline to revise our opinion in order to speculate on the potential effect of future proceedings.

**3.** We deny Ameritech's petition for rehearing insofar as it urges us to reconsider our holding affirming the Commission's determination that Ameritech had failed to live up to its infrastructure investment obligation.

controversy pending before them." 717 N.E.2d at 626–27 n. 12 (citations omitted.) We went on to state that:

> Ameritech's failure to provide the infrastructure investments required by Opportunity Indiana could be seen as a breach of the settlement agreement.... Thus, if the Commission determines that Ameritech has breached its obligations under Opportunity Indiana, Ameritech could be liable for the damages which resulted from that breach of the agreement (i.e., return to the public of over $100 million in funds which were supposed to be made available for infrastructure improvements as well as any damages which might be proven by other settling parties under Opportunity Indiana).

*Id.* at 627 n. 12.

We acknowledge on rehearing that this dicta fails to fully account for the unique nature of settlement agreements entered into in the context of utility regulation law, and we thus strike footnote twelve from our opinion. In support of the statements in that footnote, we cited a number of authorities that stated generally that a settlement agreement is merely a contract between the parties and that the formation, construction, and enforceability of such agreements are governed by contract law. However, we note on rehearing that none of those authorities addressed settlement agreements like the one before us, i.e., one entered into by a utility, its regulator, and other interested parties.

 Ameritech correctly points out that the term "settlement" carries a different connotation in administrative law and practice than in typical civil actions. More specifically, a settlement agreement that must be filed with and approved by a regulatory agency "loses its status as a strictly private contract and takes on a public interest gloss." *Citizens Action Coalition of Ind., Inc. v. PSI Energy, Inc.,*

664 N.E.2d 401, 406 (Ind.Ct.App.1996). Because such an agreement is "more closely akin to an order of the Commission," *Cajun Elec. Power Coop., Inc. v. F.E.R.C.,* 924 F.2d 1132, 1135 (D.C.Cir.1991), a failure to comply with its terms is not usefully characterized as a breach of contract which would give rise to traditional contract law remedies such as money damages.[4]

We grant rehearing and modify our opinion of October 14, 1999 to strike footnote twelve therein.

SULLIVAN, J., concurs.

RILEY, J., votes to deny petitions for rehearing.

---

4. We further note that the Commission has no judicial power to render a money judgment.

*State ex rel. Indianapolis Water Co. v. Niblack,* 240 Ind. 32, 34, 161 N.E.2d 377, 378 (1959).