CITY OF GREENFIELD ET AL. *v.* HANCOCK COUNTY REMC.

[No. 670S130. Filed February 17, 1971. Petition for rehearing denied April 8, 1971.]

*Peter D. Shumacker,* of Greenfield, *G. R. Redding, Virgil L. Beeler, Baker & Daniels,* of counsel, of Indianapolis, for appellants.

*William H. Wolf, Wolf & Robak,* of Greenfield, *W. H. Parr, Parr, Richey, Obremkey, Pederson & Morton,* of Lebanon, *Gerald Seifert,* Indianapolis, Amicus Curiae, Indiana Assoc. of Cities & Towns, for appellee.

GIVAN, J.—The plaintiff (appellee) is a local district electric membership corporation organized under the Indiana REMC Act, the same being the Acts of 1935, Ch. 175 as amended and found in Burns Ind. Stat., 1951 Repl., 1970 Supp. §§ 55-4401 *et seq.*

The defendant (appellants) are the city which owns and operates an electric utility and certain of its public officials.

Appellee filed its complaint for injunction in which it alleged that the city had annexed certain territory which appellee was entitled to service and that the city was proposing to furnish service to customers in the annexed territory without having first purchased or condemned the rights of appellee in said territory. It was appellee's contention that the actions of the appellants were unlawful and should be enjoined. The appellant city denies that its service in the annexed area is unlawful and alleges that appellee had never rendered service or owned property in the annexed area. The action was venued from Hancock County to Hamilton County where the Circuit Court after first conducting a hearing granted a preliminary injunction on May 21, 1970. In granting the preliminary injunction the court made findings of fact and conclusions of law which, in substance, are as follows:

He first found the parties to exist as above set out. The court then set out the legal description of the area under discussion. He then found that on May 15, 1936, the appellee had been granted a Certificate of Public Convenience and Necessity by the Public Service Commission of Indiana granting it authority to serve certain area in Hancock County, Indiana, excepting any territory served with electric energy by any public or municipally owned utility. On November 15, 1945, appellee received from the Mayor of the City of Greenfield a letter stating that the City of Greenfield was experiencing difficulty in furnishing power to customers outside the City limits of Greenfield and offering to sell the facilities owned by the city outside the City of Greenfield to appellee. Pursuant to receipt of this letter appellee purchased all of the physical facilities in an area which included the area in question in this case. The purchase, however, excepted service which was then being furnished to the home of one John B. Hinchman, which home was located in approximately the center of a 96.83 acre tract, which at that time was being operated as a farm. The line running along

the east side of the annexed area and the line connecting to the Hinchman property were not sold to the appellee in this transaction. The Public Service Commission approved this transaction. With the exception of the service to the Hinchman property the appellee had serviced and is now ready, willing and able to service those areas described in the order of the Public Service Commission and the Warranty Deed and Bill of Sale, which included the annexed area which is the subject of this action. The appellee, however, had never served any customers nor did it have any physical assets located within the boundaries of the annexed area.

On April 16, 1969, the City of Greenfield passed a valid ordinance annexing the described area, at which time the city was furnishing the electricity to the only customer in the annexed territory.

The appellee filed its complaint for injunction on the 15th day of May, 1969. Thereafter the appellants authorized the erection of poles and the stringing and energizing of electric wires and continued to furnish electric energy to the consumers in the annexed area and proposed to continue to do so unless enjoined. That since the sale of the facilities by the appellant city to the appellee and until 1952 appellee had expended $66,000 on the entire area acquired through the contract, and since 1952 appellee had expended more than $400,000 in building and upgrading feed lines, substations, transformation and other facilities for and in preparation for servicing the entire area including the annexed area. Appellee also built a substation to deliver electric energy in this area including the annexed area.

Finally, the court found that the continued sale of electrical energy and the installation and maintenance of facilities in the annexed area by the appellants would continue to operate to the irreparable damage of the appellee, and that a temporary injunction was necessary for appellee's protection.

It is appellants' contention that the city has the right to serve within the annexed area for the reason that the appellee

has never actually furnished service to a customer within the annexed area. Appellants rely upon Burns Ind. Stat., 1970 Supp., § 55-4418a, which reads in pertinent part as follows:

"Whenever a municipality . . . in which a municipally owned utility is rendering electric utility service . . . annexes additional territory and such annexed territory includes any territory in which the franchised utility was not authorized to render electric utility service immediately prior to such annexation but in which some other public utility . . . was lawfully rendering electric utility service at such time, when the franchised utility and the other utility shall promptly negotiate for the purchase by the franchise utility of the property owned by the other utility within the annexed territory and used and useful by the other utility in or in connection with the rendering of electric utility service therein. In the event that such property has not been purchased by the franchised utility within 90 days after such annexation takes place, then the franchised utility may bring an action . . . for the condemnation of such property of the other utility. Until and unless such purchase or condemnation is effected, the other utility shall have authority to operate within the portion of the annexed territory in which it was lawfully rendering electric utility service immediately prior to such annexation."

Appellants cite the case of *Morgan County REMC* v. *Public Service Co. of Indiana* (1970), 253 Ind. 541, 255 N. E. 2d 822, 20 Ind. Dec. 354, in support of its contention that the words "lawfully rendering electric utility service" as found in the statute mean de facto service to specific customers. To determine whether or not the appellants are correct in their contention we must look to the purpose of the act. In the Morgan County REMC case this Court stated:

". . . The purpose of the law is to make such growth and transition as fair and in a manner least likely to disrupt service to the public."

We hold that where the utility has obtained the right to serve and has its physical plant available to render service it

is in fact lawfully rendering service under the act. We cannot say that the mere lack of customers on a particular tract of ground negates the fact that that territory is being served by the utility and having the equipment available to render that service. To hold otherwise would be to hold that there are vast areas of unimproved land in Indiana which are a no man's land so far as service by public utilities is concerned. To so hold would be to defeat the purpose of the statute of facilitating service to the public.

We find that the record in this case supports the decision of the trial court to grant the temporary injunction. By so holding we do not mean to imply that this Court approves of all of the findings of fact and conclusions of law made by the trial court. We merely find that there was ample evidence to support the conclusion that appellee had the right to furnish service to the annexed area with the exception of the Hinchman house and barn, and that it had made certain expenditures to facilitate the potential service requirements in that area. This was sufficient evidence upon which to issue the temporary injunction. As to what is or what is not compensable and the amount of compensation to be paid to the appellee by the appellant city are matters upon which evidence must be heard and a decision made in a condemnation action, if the parties are unable to arrive at a voluntary purchase agreement.

The trial court is, therefore, affirmed.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 266 N. E. 2d 799.