HENDRICKS COUNTY REMC v. PUBLIC SERVICE COMPANY OF INDIANA.

[No. 771A134. Filed December 29, 1971. Rehearing denied February 2, 1972. Transfer denied July 11, 1972.]

*Palmer & Hinkle,* of Danville, *Parr, Richey, Obremskey, Pedersen & Morton,* of Lebanon, for appellant.

*Charles W. Campbell, Duejean C. Garrett,* of Plainfield, *Kendall, Stevenson, Lewis & Howard,* of counsel, of Danville, for appellee.

HOFFMAN, C. J.—The issue presented by this appeal is whether the right to serve a particular area given to a Rural Electric Membership Corporation is of such a nature that it must be purchased or condemned when that area is subsequently annexed.

The pertinent facts, as summarized from the stipulation entered into by both parties, are as follows:

On May 9, 1968, and November 22, 1968, the first and second sections, respectively, of the Old Farm Addition were annexed to the City of Danville, Hendricks County, Indiana, an incorporated town with a population of more than 1,500 inhabitants. Prior to such annexation, the City of Danville was serviced by the Public Service Company of Indiana (Service Company), as was that portion of the Old Farm Addition within 750 feet of the Service Company's electrical primary distribution line. Hendricks County Rural Electric Membership Corporation (REMC) was authorized to service the remainder of the Old Farm Addition by virtue of a Certificate of Public Convenience and Necessity granted May 15, 1936.

The Service Company, on or about September 20, 1968, erected poles and electrical wires in the annexed territory and is presently rendering electrical service to the residents thereof. Although REMC has never provided electrical service to anyone in the annexed area, it is ready, willing and able to serve. By this action, plaintiff-appellant REMC seeks to

enjoin the Service Company's electrical service in the annexed territory.

Following argument in this cause, the trial court denied injunctive relief to plaintiff-REMC. Plaintiff then moved the trial court for a new trial on two grounds:

1. The decision of the court is not sustained by sufficient evidence; and
2. The decision of the court is contrary to law.

In support of its motion for a new trial,[1] REMC filed a memorandum containing, in substance, the arguments raised on appeal.

The question presented by this appeal is solely a question of law, that is, we are asked to construe IC 1971, 8-1-13-19, Ind. Ann. Stat. § 55-4418(a) (Burns 1971 Supp.), which reads as follows:

"Municipality annexing territory served by electric utility—Purchase of property—Condemnation.—Whenever a municipality in which a public utility (including a corporation organized, or admitted to do business, under this act [§§ 55-4401—55-4426]) is rendering electric utility service under a franchise, license or indeterminate permit or in which a municipally owned utility is rendering electric utility service, as the case may be (such public or municipal utility being hereinafter called the 'franchised utility'), annexes additional territory and such annexed territory includes any territory in which the franchise utility was not authorized to render electric utility service immediately prior to such annexation but in which some other public utility (including a corporation organized, or admitted to do business, under this act) or municipally owned utility (such public or municipally owned utility being hereinafter called the 'other utility') was lawfully rendering electric utility service at such time, then the franchised utility and the other utility shall promptly negotiate for the purchase by the franchised utility of the property owned by the other utility within the annexed territory and used and useful by the other utility in or in connection with the rendering of electric utility service therein. In the event that such property has not been purchased by the franchised

1. Properly titled "Motion to Correct Errors." See Rule TR. 59, Indiana Rules of Procedure.

utility within 90 days after such annexation takes place, then the franchised utility may bring an action in the circuit or superior court of the county where such municipality (or the major part thereof in area) is located against the other utility, as defendant, for the condemnation of such property of the other utility. Until and unless such purchase or condemnation is effected, the other utility shall have authority to operate within the portion of the annexed territory in which it was lawfully rendering electric utility servce immediately prior to such annexation."

The issue to be decided is whether the original authorization of REMC's right to service the annexed territory gives rise to such a right, the taking of which requires just compensation, absent any physical property used and useful by REMC in, or in connection with, the rendering of electric utility service therein.

Appellant-REMC first contends that regardless of the terminology used to describe its right to serve, the right is, in and of itself, a valuable right that cannot be taken without just compensation. The essence of this contention is that the service right should be viewed as an absolute property right in the territory granted.

In *Kosciusko County, etc.* v. *Public Service Comm.* (1948), 225 Ind. 666, 676, 77 N. E. 2d 572, 576, our Supreme Court stated that a public utility franchise is comparable to a property right in that the grantee of the franchise may restrain, by injunction, any person or corporation attempting to exercise unauthorized competition. The court did not say, however, that such franchise is an *absolute* property right.

IC 1971, 8-1-2-92, Ind. Ann. Stat. § 54-604 (Burns 1951), (Acts 1933, ch. 190, § 11, p. 928) reads, in pertinent part, as follows:

"Indeterminate permits—Purchase by municipality—Effect of repeal of act.—Every license, permit or franchise hereafter granted to any public utility shall have the effect

of an indeterminate permit subject to the provisions of this act."

In *Morgan Co. R. E. Mem. Corp.* v. *Public Serv. Co. of Ind.* (1970), 253 Ind. 541, 255 N. E. 2d 822, at 825-26 wherein this precise question was ruled on, Judge Arterburn, speaking for our Supreme Court, stated:

"Appellant was granted its certificate of public convenience and necessity by the Public Service Commission in 1939. Appellant's certification was, then, no more than an indeterminate permit. *Southern Indiana Gas & Electric Co.* v. *Indiana Statewide Rural Electric Cooperative Inc.* (1968), [251 Ind. 459], 242 N. E. 2d 361, Burns' Ind. Stat. Ann. §§ 54-604, 54-105 [54-605]. As such appellant's right to serve the area in question was subject to termination 'according to law.' "

Appellant next contends that REMC's service rights in the annexed territory have not been terminated "according to law" and, further, asserts that to do so the Service Company must either 1) obtain a Certificate of Public Convenience and Necessity from the Public Service Commission, or 2) by purchase or condemnation proceedings under § 55-4418(a), *supra*.

In *Kosciusko County, etc.* v. *Public Service Comm., supra*, the franchised utility sought to gain a Certificate of Public Convenience and Necessity for the right to service a certain tract of land within the territory of the Kosciusko REMC. The particular tract had not been annexed into the city. Under these circumstances the court stated that although the REMC had no exclusive right to serve the area in question, it can hold the territory against all competitors not armed with a valid Certificate of Public Convenience and Necessity duly issued by the Public Service Commission.

In the instant case, however, while one might assume a valid Certificate of Public Convenience and Necessity would entitle the Service Company to serve the annexed territory, the fact that the territory has been annexed renders such

certificate unnecessary. See: § 55-4418(a), *supra*. Furthermore, the parties herein do not dispute that the Service Company may serve the annexed territory by purchase or condemnation, they are only in dispute as to whether the actual "service right" is of such a nature as to require purchase or condemnation.

*Morgan Co. R. E. Mem. Corp.* v. *Public Serv. Co. of Ind.,* *supra,* (1970), 253 Ind. 541, 255 N. E. 2d 822, concerned a case wherein an REMC sought to enjoin a "franchised utility" from rendering electrical service to an annexed territory. Our Supreme Court answered an initial question that the REMC's right to serve a city or town of less than 1,500 population is determined at the time of the filing of the articles of incorporation, and that subsequent incorporation by a town of more than 1,500 population does not preclude *ipso facto* continued service of the territory by the REMC. The court then pointed out that the REMC's territory is fixed and subject to change only by authorized means, and proceeded with a discussion of the application of § 55-4418(a), *supra,* to the facts of that case. Because of the particular relevance of that discussion to the case at bar, the following language is quoted from *Morgan Co.,* at 825 of 255 N. E. 2d:

> "We believe the import of this statute is clear. It establishes the procedure whereby a utility, which has been granted the authority to furnish electrical energy to a municipality (appellee), may purchase or condemn electrical facilities and other such property of another utility, which, prior to annexation, had been providing electrical service in the annexed area (appellant). The crux of the problem before us concerns the last sentence in Burns' § 55-4418a as above quoted.
>
> "It is appellant's position that until its property is either purchased or condemned, as provided in § 55-4418a, it alone has the right to serve in the annexed area. Appellee on the other hand urges that purchase or condemnation by it of appellant's property located in the annexed area is not a requisite to its providing service in the annexed area.

"We are of the opinion that the appellant, pursuant to § 55-4418a, has the right to continue servicing and that portion of the annexed territory in which it was lawfully rendering service immediately prior to annexation until such time as its used and useful facilities are acquired by appellee. This conclusion is clearly supported by the last sentence of § 55-4418a which provides:

'Until and unless such purchase or condemnation is effected, the other utility shall have authority to operate within the portion of the annexed territory in which it was lawfully rendering electric utility service immediately prior to such annexation.'

Permitting appellant to continue servicing that portion of the annexed area where it was already rendering service at the time of the annexation serves to protect the public, as well as appellant's investment in its operating facilities, until the same can be purchased or condemned."

It must be noted that the language in *Morgan Co.* refers only to the purchase or condemnation of "electrical *facilities* and other such *property* of another utility, which, prior to annexation, had been providing electrical service in the annexed area\*." (Emphasis supplied.) No reference whatsoever is made to the purchase or condemnation of service rights, only to the purchase or condemnation of *facilities* and *property* used to service the annexed area.

Similarly, in *Public Service Co.* v. *City of Lebanon* (1941), 219 Ind. 62, 65, 34 N. E. 2d 20, the question was raised as to whether it was error for the trial court to exclude evidence of the value of the franchise under which appellant operated as a public utility *distinct* from the value of the business and property from a physical standpoint and from its going concern value. The Supreme Court of Indiana held that such evidence was properly excluded and that the Public Service Company was not entitled to compensation for the franchise.

The intent of the Legislature is precisely expressed in § 55-4418 (a), *supra,* as follows:

"[T]he franchise utility and the other utility shall promptly negotiate for the purchase by the franchised utility of the *property* owned by the other utility within the annexed territory and used and useful by the other utility in or in connection with the rendering of electric utility service therein. In the event that such *property* has not been purchased by the franchised utility within 90 days after such annexation takes place, then the franchised utility may bring an action in the circuit or superior court of the county where such municipality (or the major part thereof in area) is located against the other utility, as defendant, for the condemnation of such *property* of the other utility. * * *" (Emphasis supplied.)

This statute makes neither mention of, nor requirement for, the purchase or condemnation of service rights in the annexed territory. Therefore, under § 55-4418(a), *supra,* the service rights of appellant-REMC were lawfully terminated by the annexation, and absent physical property used to furnish electricity to the area, there is nothing to be purchased or condemned.

Finally, REMC contends that compensation is required under *City of Greenfield* v. *Hancock County R. E. Mem. Corp.* (1971), 256 Ind. 15, 266 N. E. 2d 799, wherein an REMC acquired service rights in a certain area through a contract with the City of Greenfield. The REMC made substantial expenditures in preparation to serve the entire area, to-wit: more than $466,000 "in building and upgrading feed lines, substations, transformation and other facilities for and in preparation for servicing the entire area * * *." Subsequently, the City of Greenfield annexed and sought to service a portion of that territory given by contract to REMC, claiming that there was no service being rendered in the area. The Supreme Court of Indiana upheld a temporary injunction to protect REMC's right to serve the area through such expenditures and facilities.

We are not here faced with a claim of property in use outside the annexed territory, nor does the stipulation of facts entered into by the parties reveal such information. The

sole issue raised is whether REMC should be compensated for its service right. Having determined that such service right is not compensable, the judgment of the trial court should be affirmed.

Judgment affirmed.

Sharp, J., concurs; Staton, J., concurs in result; White, J., not participating.

NOTE.—Reported in 276 N. E. 2d 852.