OLD STATE UTILITY CORPORATION, an Indiana Corporation, Appellant (Respondent Below),

v.

GREENBRIAR DEVELOPMENT CORPORATION, an Indiana Corporation, Appellee (Petitioner Below),

Frank J. Biddinger, Public Counselor of the State of Indiana, Appellee.

No. 2–278A57.

Court of Appeals of Indiana, Fourth District.

Aug. 28, 1979.

Paul Hirsch, Haymaker, Hirsch & Fink, Indianapolis, Matthews & Shaw, Evansville, for appellant.

Philip H. Siegel, Combs & Siegel, Evansville, for appellee.

CHIPMAN, Judge.

This cause originated on October 28, 1977, when Greenbriar Development Corporation (Greenbriar) filed a petition with the Public Service Commission of Indiana seeking a partial revocation of a Certificate of Territorial Authority which previously had been granted to Old State Utility Corporation (Old State). The Certificate of Territorial Authority granted Old State the right to render sewage disposal service in a rural area of Vanderburgh County, Indiana. After proper notice and public hearing the Public Service Commission granted

Greenbriar's petition and ordered a partial revocation of Old State's Certificate of Authority for failure to provide "reasonably adequate sewage disposal service" pursuant to Ind.Code 8–1–2–89(*1*) (1976).

We affirm.

## FACTS

The evidence presented at the Public Service Commission hearing revealed Old State's Certificate of Authority provided for a granted capacity of sixty-six lots for Old State's sewage treatment facilities. At the time of the hearing, fifty-nine were in use, leaving seven available. Two expert witnesses testified the granted capacity of the facilities was conservative and approximately ninety lots could actually be served. Greenbriar was in the process of developing a subdivision of sixty-seven lots, although it had demanded service for only twenty-six lots.

The City of Evansville had completed a sewer line within a short distance of Greenbriar's development. Negotiations between the City and Old State concerning the connection of Old State's lines to the City's had been in progress for some time, although no agreement had been reached. A petition to require the City to allow Old State to connect with the City's sewage system was pending before the Indiana Environmental Management Board.

On the morning of the hearing, Old State's President, Louis Heuer, orally requested the State Board of Public Health to temporarily increase the granted capacity for Old State's Certificate of Authority. He did not receive an answer, apparently because the Board was unable to process his oral request on such short notice.

The Commission granted Greenbriar's petition, thereby revoking Old State's Certificate of Authority for the area consisting of Greenbriar's development and allowing Greenbriar to connect to the City of Evansville's sewer system.

## ISSUES

Old State's Assignment of Errors presents the following issues for review:

1. Whether the Public Service Commission's findings are sufficient to sustain its order?

2. Was there sufficient evidence presented to support the findings of fact?

3. Did the Commission's order constitute an inverse condemnation of Old State's property rights?

## I. SUFFICIENCY OF THE FINDINGS

At the close of the hearings the Commission made the following findings:

1. That the Public Service Commission of Indiana has jurisdiction of the subject matter of this proceeding and of all parties thereto, and further, that proper legal notice of the filing of the petition and the hearing thereon was duly given.

2. That the Respondent, Old State Utility Corporation, holds a Certificate of Territorial Authority to render sewage disposal service in rural area of Vanderburgh County, Indiana, as granted in Cause No. 32356 on October 22, 1970 by this Commission.

3. That the Petitioner has caused to be platted a certain subdivision, known as Greenbriar Hills Subdivision, consisting of sixty-seven (67) residential lots, shown as Exhibit 'C' to said petition, and is the owner of a certain unimproved parcel of real estate, more particularly described in Exhibit 'B' to said petition, all located in Vanderburgh County, Indiana, and all within that area of the Territorial Authority granted to Old State Utility Corporation.

4. That the capacity granted to the Respondent's sewage treatment plant in Cause No. 32356 was approved for approximately sixty-six (66) home sites. The Respondent has connected fifty-nine (59) home sites to said treatment plant and there are presently seven (7) remaining connections available for use by the Petitioner and others in said area.

5. That as of the date of this hearing no such service other than the remaining seven (7) connections are available to the

Petitioner and others in the area of said Certificate of Authority. Respondent requested the State Board of Health of the State of Indiana to increase the number of home site connections to afford immediate relief to the Petitioner herein, which request was denied.

6. That the City of Evansville, Indiana, has undertaken to build a sanitary sewer line to connect with the sanitary sewage system of the Respondent and is in close proximity thereto.

7. That due to the failure of the Respondent to furnish reasonably adequate sewage disposal service within certain areas of its Certificate of Territorial Authority, said Certificate heretofore granted to said Respondent should be revoked as it pertains to those parcels described in Exhibits 'A' and 'B' of said petition, subject to the seven (7) connections remaining available for use by the Petitioner and others, a revised Certificate issued, and it will be so ordered.

8. That the Indiana Code, 8–1–2–89, under subsection (h) provides that this Commission can authorize another sewage disposal company to render service in the same area as that given in a prior Certificate of Authority, however, since the area covered by the revocation is to be served by a municipal sewer utility a certificate need not be issued.

9. That the Indiana Code, 8–1–2–89, under subsection (*l*) provides that any Certificate of Territorial Authority may after notice of hearing, be revoked by the Commission, in whole or in part, for the failure of the holder thereof to furnish reasonably adequate sewage disposal service within the area or areas determined and defined in such Certificate of Territorial Authority.

10. That the Certificate of Territorial Authority heretofore issued by this Commission to Old State Utility Corporation to render sewage disposal service in a rural area of Vanderburgh County, on October 22, 1970, in Cause No. 32356

should be revoked in part and that the property and territory as more particularly described in Appendix A to this Order should be deleted from said Certificate and an Amended Certificate issued to Old State Utility Corporation.

Old State challenges these findings as insufficient to support the order. Greenbriar asserts the findings are adequate under the standards set forth by this court. Although the Commission's findings are far from being an exemplary model of administrative drafting, we agree with Greenbriar.

■ A principal purpose for the requirement of adequate findings by an administrative body is to facilitate accurate and expeditious judicial review of administrative proceedings. "[J]udicial review may not be conducted solely with reference to . . . ultimate facts." *V.I.P. Limousine Service v. Herider-Sinders, Inc.,* (1976) Ind. App., 355 N.E.2d 441, 442. Thus, we have consistently required administrative orders to be supported by specific, basic facts which are material to the ultimate facts upon which an order is based. *Johnson City Rural Electric Membership Corporation v. Public Service Company of Indiana, Inc.,* (1978) Ind.App., 378 N.E.2d 1; *L. S. Ayres v. Indianapolis Power and Light,* (1976) Ind. App., 351 N.E.2d 814; *City of Evansville v. Southern Indiana Gas and Electric Company,* (1975) Ind.App., 339 N.E.2d 562.

■ The findings presented in this case fulfill these standards. The ultimate fact upon which the order is based is found in finding number 7, *i. e.,* Old State failed to furnish reasonably adequate sewage disposal service as required by *Ind.Code* 8–1–2–89(i) (Supp.1978). This is supported by the basic facts found in findings 3–6, *i. e.,* Old State had a granted capacity of sixty-six lots with only seven remaining available; an increase of Old State's granted capacity could not be obtained at the time of the hearing;[1] Greenbriar had an eventual need for sewage facilities for sixty-seven lots;

---

1. We note, contrary to the Commission's findings, that Old State's request for increased granted capacity was not "denied" by the Board of Public Health. The record reveals only that Old State was unable to obtain a response to its request on a few hours notice.

and the City of Evansville had built a sewer line within close proximity to Greenbriar's development. These findings are sufficient to sustain the order.

## II. SUFFICIENCY OF THE EVIDENCE

■ Under the second level of review preserved by its assignment of errors, Old State argues the evidence presented at the hearing was insufficient to support the Commission's findings. Predictably, Greenbriar asserts the evidence was sufficient. We think Greenbriar is correct.

■ When reviewing an administrative decision for sufficiency of the evidence, we reverse only when the findings of fact are unsupported by substantial evidence; the findings must have a "reasonably sound basis of evidentiary support." *City of Evansville v. Southern Indiana Gas and Electric Company,* (1975) Ind.App., 339 N.E.2d 562, 571–72. We apply this test, in light of the entire record, and we neither weigh the evidence nor judge the credibility of the witnesses. *L. S. Ayres v. Indianapolis Power and Light,* (1976) Ind.App., 351 N.E.2d 814; *City of Evansville v. Southern Indiana Gas and Electric Company,* (1975) Ind.App., 339 N.E.2d 562.

Our review of the record reveals there was, in fact, substantial evidence to support the Commission's findings. Old State's principal challenge to the sufficiency of the evidence rests upon the Commission's alleged disregard of the sewage plant's physical capacity. However, we are not persuaded by this argument. Under its Certificate of Territorial Authority Old State had a granted capacity of sixty-six lots. No timely effort to increase this granted capacity had been made. Thus, whether the plant's physical capacity was ninety lots or more is unimportant. Legally, Old State had a capacity of sixty-six lots, and the Commission was correct in using this figure in reaching its decision.

## III. "INVERSE CONDEMNATION"

■ Finally, Old State presents us with a rather unique "inverse condemnation" argument. In essence, Old State argues the Public Service Commission has taken its property (the right to provide sewage services to the area of Greenbriar's development) in behalf of the City of Evansville without just compensation by permitting Greenbriar to "exercise an option as to accepting service either from Old State or the City of Evansville." Assuming, *arguendo,* Old State has a valid argument here, we cannot decide this issue. First of all, whether Old State had a compensable property interest is not clear. This determination is a question of fact. *Indiana and Michigan Electric Company v. City of Anderson,* (1978) Ind.App., 376 N.E.2d 114. The Public Service Commission is a creation of the legislature, *Indiana Bell Telephone Company, Inc. v. Friedland,* (1978) Ind.App., 373 N.E.2d 344, and has no statutory authority to render money judgments, *State v. Niblack,* (1959) 240 Ind. 32, 161 N.E.2d 377, nor to determine whether a particular property interest is compensable. *See Ind.Code* 8–1–8–1, 32–11–1–1 *et seq.* Thus we cannot remand to the Public Service Commission even if Old State's argument were meritorious. Additionally, we note the Public Service Commission was specifically authorized to revoke Old State's Certificate of Territorial Authority after a finding of failure to provide adequate services pursuant to *Ind.Code* 8–1–2–89(*1*). We think the proper forum for Old State's argument, if any, is the appropriate local trial court. *See City of Greenwood v. Hancock County Rural Electric Membership Corporation,* (1971) 256 Ind. 15, 266 N.E.2d 799, 802.

Affirmed.

MILLER, P. J., and YOUNG, J., concur.