The **HIDDEN VALLEY LAKE PROPER-TY OWNERS ASSOCIATION, on Behalf of Lot Owners and Lot Purchasers and Customers of HVL Utilities, Inc., and Members of the Board of Directors of the Association Consisting of Robert Arlinghaus, Harold Higson, Beverly Smith and Thomas Spraul, as Directors of the Association and in their Individual Capacity as Lot Owners and Customers of HVL Utilities, Inc., Appellants (Intervenors below),**

v.

**HVL UTILITIES, INC., Appellee (Petitioner below),**

**Public Service Commission of Indiana, Appellee,**

**Larry J. Wallace, William B. Powers and James Plaskett, as Members of the Public Service Commission of Indiana, Appellee.**

**No. 2–775A177.**

Court of Appeals of Indiana, Fourth District.

Oct. 23, 1980.

Paul Hirsch, Haymaker, Hirsch & Fink, Indianapolis, for appellants.

Leslie Duvall, Sparrenberger, Duvall, Tabbert & Lalley, Indianapolis, for appellee.

ON PETITION FOR REHEARING

CHIPMAN, Judge.

The appellee, HVL Utilities, Inc., has petitioned this court on rehearing to reconsider the ramifications of our opinion in this case, which is located at 408 N.E.2d 622. The appellee fears our decision to require the PSC to make a finding as to materiality of an issue and to provide us with its reasoning for doing so will burden the PSC with an unworkable judicially imposed requirement. The appellee cites the following passages from *L. S. Ayres & Company v. Indianapolis Power & Light Company*, (1976) Ind.App., 351 N.E.2d 814, 822, and argues we have wrongfully overruled that case.

"At the first level of review, the statutory standard requires that the Commission's decision contain specific findings on all the factual determinations material to its ultimate conclusions.

. . . . .

When the Commission provides the reviewing court with basic findings of fact on all issues material to its decision, its expert reasoning process and subtle policy judgments provide an intelligible framework for the judicial non-expert. Since 'basic findings' afford a rational and informed basis for review, the danger of judicial substitution of judgment on complex evidentiary issues and policy determinations is substantially reduced. The process of formulating basic findings on all material issues can also serve to aid the Commission in avoiding arbitrary or ill-considered action." (citations omitted)

Rather than overruling *Ayres*, we feel we have expanded on both the reasoning used and the decision rendered in that case. Implicit in the requirement that the PSC make specific findings on all material issues is the requirement that the PSC first decide which issues are material and which are not. Therefore the PSC is presently "required" to decide which issues are immaterial. The only additional burden we are placing on the PSC is that it provide us with some guidance, based on its expertise in the utility field, as to why it considered an issue to be immaterial to the proceeding before it.

Expanding on the above reasoning contained in *Ayres*, providing us with their reasoning as to immateriality supplies us a more intelligible framework for judicial review and lessens the likelihood of judicial substitution of judgment on complex evidentiary issues and policy determinations. Formulating findings as to materiality can also serve to aid the PSC in avoiding arbitrary or ill-considered action.

Finally, the appellee argues on rehearing our decision "will provide a field day for counsel to burden the record with irrelevancy in the hope of trapping the Commission into failing to address specific findings of fact to establish immateriality." We did not plan nor do we expect our decision to have such a result. Our decision was based on the facts involved in this case, when an unaddressed issue was specifically raised in the pleadings. If an issue is not clearly raised before the PSC, clearly brought to its attention, it will not be required to address the issue.

Appellee's petition for rehearing is denied.

MILLER, J., and YOUNG, P. J., concur.