**INDIANA UTILITY REGULATORY COMMISSION, et al., Appellants– Defendants,**

v.

**GARY JOINT VENTURE and Century Mall Company Limited Partnership, Appellees–Plaintiffs.**

No. 49A05–9204–CV–135.

Court of Appeals of Indiana, Fifth District.

Feb. 22, 1993.

Rehearing Denied April 6, 1993.

Transfer Denied June 10, 1993.

---

Frederick F. Eichhorn, Jr., William H. Eichhorn, David C. Jensen, Hammond, for Northern Indiana Public Service Co.

Terence L. Eads, John F. Wickes, Jr., Gary P. Price, Lewis & Kappes, Indianapolis, for The Limited Stores, Inc., Lane Bryant, Inc., Lerner of New York, Victoria's Secret Stores, Inc., Express, Inc.

Linley E. Pearson, Atty. Gen., Kirk A. Knoll, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for Indiana Utility Regulatory Com'n, James R. Monk, Vicky A. Bailey, Fredrick L. Corban, G. Richard Klein and David Ziegner.

Richard D. Wagner, Jeffrey C. McDermott, Kevin Betz Krieg Devault Alexander & Capehart, William S. Keown, Indianapolis, for Gary Joint Venture.

John David Hoover, James T. Smith, Sally F. Zweig, Johnson Smith Densborn Wright & Heath, Indianapolis, for Century Mall Inc., Ltd. Partnership.

SHARPNACK, Chief Judge.

The Limited Stores, Inc., Lane Bryant, Inc., Lerner of New York, Inc., Victoria's Secret, Inc., and Express, Inc. (hereinafter collectively "tenants"), the Indiana Utility Regulatory Commission (IURC), and the Northern Indiana Public Service Company (NIPSCO), bring this interlocutory appeal challenging the Marion Superior Court's denial of their motions to dismiss for want of jurisdiction the declaratory judgment action filed by the Gary Joint Venture and the Century Mall Limited Partnership (hereinafter collectively "mall owners"). We reverse and order the dismissal of this declaratory judgment action.

The tenants (collectively), NIPSCO, and the IURC each filed an appellant's brief in this case, raising various issues which we restate in the following single issue:

Does the IURC possess the exclusive jurisdiction to determine the validity and application of utility tariffs?

The mall owners own and operate two shopping malls located in Merrillville: Southlake Mall (owned by Gary Joint Venture) and Century Consumer Mall (owned by Century Mall Company Limited Partnership). Merrillville is within NIPSCO's exclusive service area, and NIPSCO accordingly provides electricity to the two malls pursuant to tariffs approved by the IURC and contracts with the mall owners. The tenants are the ultimate consumers of much of the electricity supplied to the malls.

Each mall uses a master meter to record usage of electricity. Once the electricity is metered, it is distributed to the various stores in the mall as well as to the common areas of the mall. The tenants' electric usage is not individually metered on a regular basis, but the mall occasionally installs temporary meters in order to estimate the tenants' average individual consumption.

NIPSCO sold electricity to the mall owners under its rate 824 for "General Service—Large Users" which was a volume discount rate. The tenants and NIPSCO allege that the mall owners resold the electricity to the tenants at a rate based on NIPSCO's rate 823 for "General Service" which did not offer a volume discount. NIPSCO alleges that this amounted to a resale which violated the following provision of its tariff:

"RESALE OF THE SERVICE

Service will not be furnished under any schedule of the Company under file with the Commission to any Customer, applicant, or group of applicants desiring ser-

vice with the intent of or for the purpose of reselling any or all of such service." NIPSCO further alleges that its contracts with the mall owners specifically incorporated this tariff provision.

Lane Bryant, Inc., one of the tenants, requested that the IURC investigate the manner in which electricity was delivered to the tenants of the Gary Joint Venture mall. When the consumer affairs division of the IURC began an investigation, Gary Joint Venture questioned the jurisdiction of the IURC. Despite this protest, the IURC continued its investigation and conducted an informal meeting. Gary Joint Venture continued to object, and the chairman of the IURC indicated that more formal proceedings would be appropriate. Approximately one month later, Gary Joint Venture filed its complaint for declaratory judgment against NIPSCO and the IURC. The other parties plaintiff and defendant subsequently intervened or were brought into the suit by means of various procedures. The defendants filed motions to dismiss which the trial court denied.

The defendants argue that the trial court erred in not dismissing this action because the IURC has the exclusive jurisdiction to decide challenges to the validity and application of utility tariffs. They further argue that the power to determine whether an entity is a public utility subject to IURC jurisdiction is a necessary concomitant to the determination of the validity and application of the NIPSCO tariff. The mall owners argue that this case requires a decision in the nature of a declaratory judgment and that the trial court, and not the IURC, is empowered to grant declaratory judgments. In addition, the mall owners argue that the trial court had jurisdiction to decide the preliminary issue of whether they are public utilities subject to the jurisdiction of the IURC.

■ Our courts have established certain principles which govern the determination of which body has jurisdiction when two adjudicatory bodies attempt to assert jurisdiction over a single dispute. The type of claim presented determines whether a particular tribunal has subject matter juris-diction. *Indiana Forge and Machine Co. v. NIPSCO* (1979), Ind.App., 396 N.E.2d 910, 912. If the legislature has chosen to provide an administrative body such as the IURC with exclusive primary jurisdiction to decide a class of issues, the courts may not exercise jurisdiction until the parties have exhausted the procedures available before the administrative body. *Id.; Indiana Bell Telephone Co. v. Friedland* (1978), 175 Ind.App. 622, 627, 373 N.E.2d 344, 347, *cert. denied,* 440 U.S. 916, 99 S.Ct. 1233, 59 L.Ed.2d 465. In order to determine whether a case is properly before the IURC, we look to each issue presented by the case. If at least some of the issues involved in the case are within the jurisdiction of the IURC, the entire case falls within its jurisdiction, even if the IURC is unable to grant some of the remedies sought. *Indiana Forge,* 396 N.E.2d at 912; *Friedland,* 175 Ind.App. at 632–636, 373 N.E.2d at 349–352.

■ These cases make it clear that we must first inquire as to the type of issues presented by the dispute between the parties in the case at hand. Here, the defendants allege that the mall owners are challenging the validity and application of the tariffs, while the mall owners argue that their declaratory judgment action addresses the question of whether they violated NIPSCO's tariff and does not address the validity or application of the tariff.

■ In general, issues concerning the validity and application of utility tariffs fall within the authority of the IURC. *Haggard v. PSI Energy, Inc.* (1991), Ind.App., 575 N.E.2d 687, 690. While there is no challenge to the validity of the tariff here, we conclude that the mall owners have raised a direct challenge to the application of the tariff.

The mall owners' assertion that this declaratory judgment action is permissible because it addresses only the question of whether they violated NIPSCO's tariff misses a crucial point: in order to determine whether the mall owners violated the provisions of the tariff the court first, as a matter of necessity, would have to deter-

mine whether the particular parties and transaction were within the scope of the tariff. In making that determination, the court would enter an area reserved to the IURC.

In order to determine whether the NIPSCO tariff can be applied to the mall owners, it will be necessary for the adjudicatory body to address the question of whether the mall owners have transformed themselves into public utilities by transferring electric power to the tenants. We cannot agree with the mall owners' assertion that the IURC has no jurisdiction to determine whether their actions have rendered them public utilities.

Our supreme court has held that an administrative body "generally possesses authority to determine initially whether a matter presented to it falls within the jurisdiction conveyed to that body." *Guinn v. Light* (1990), Ind., 558 N.E.2d 821, 823. This court previously has held that, where the question of whether an entity is a public utility is material to the determination of an agency action, the agency must make specific findings as to that issue. *Hidden Valley Lake Property Owners Association v. HVL Utilities, Inc.* (1980), Ind.App., 408 N.E.2d 622, 627, *rehearing denied,* 411 N.E.2d 1262. In *Hidden Valley* we directed the Public Service Commission to make findings with regard to a particular issue, and we will not hold now that that agency's successor has no authority to address the issue here.

In this state agencies possess powers beyond those expressly set forth in the authorizing statutes. Our agencies "[have] such implicit power and authority as is inherent in [their] broad grant of power from the legislature which is necessary to effectuate the regulatory scheme outlined by the statute." *Northern Indiana Public Service Co. v. Citizens Action Coalition* (1989), Ind., 548 N.E.2d 153, 158. Here the regulatory scheme embodied in the rate tariffs would be disrupted if an entity which is acting as a public utility could frustrate enforcement of rate regulations and force the agency into the courts merely by denying that it was a public

utility. We will not allow such a subversion of the regulatory scheme. The IURC possesses the authority to make a preliminary determination of the mall owners' status as public utilities in order to determine whether it has jurisdiction in the dispute. If the IURC decides the issue adverse to their position and enters a final order in this dispute, the mall owners will be free to avail themselves of the appeal normally available parties seeking redress from administrative decisions.

The trial court erred in denying the motions to dismiss. We therefore reverse and instruct it to dismiss the action against all defendants.

REVERSED AND REMANDED WITH INSTRUCTIONS.

RUCKER and SULLIVAN, JJ., concur.