**AUSTIN LAKES JOINT VENTURE,
Appellant–Plaintiff,**

v.

**AVON UTILITIES, INC., and Donald L.
Groninger, Appellees–Defendants.**

No. 32A01–9211–CV–389.

Court of Appeals of Indiana,
First District.

Oct. 25, 1993.

David E. Wright, Ronald G. Sentman, Johnson, Smith, Densborn Wright & Heath, Indianapolis, for appellant-plaintiff.

David W. Craig, Scott A. Faultless, Wright & Craig, Indianapolis, for appellees-defendants.

ROBERTSON, Judge.

Austin Lakes Joint Venture brought suit for breach of contract, fraud, promissory estoppel, and specific performance against

Avon Utilities, Inc. and Donald L. Groninger (Avon Utilities). The trial court granted Avon Utilities' motion to dismiss for lack of subject matter jurisdiction. Austin Lakes appeals and raises the following issue:

Where (1) a sewage treatment utility fraudulently induces a developer to locate a subdivision in the utility's service area by misrepresenting its capacity to serve the subdivision, and (2) no Indiana statute authorizes any administrative agency to resolve claims of fraud, contract breaches, promissory estoppel, and specific performance, is the customer barred by the Doctrines of Primary Jurisdiction and Exhaustion of Remedies from presenting these claims against the utility and its president in an Indiana court?

We reverse.

Austin Lakes is the developer of real estate known as Austin Lakes Estate Subdivision, which consists of 101 acres subdivided into 238 lots spread among five separate sections or phases. Avon Utilities operates a sanitary sewer service facility and sewage treatment plant and is the utility which would provide these services to the subdivision.

In connection with initial communications about the land, Austin Lakes received assurances, from Donald L. Groninger, President of Avon Utilities, that Avon Utilities would be able to service the 101 acres for the entire subdivision's capacity through existing lines and that Avon Utilities was operating at only one-half of its then existing capacity. Groninger confirmed these representations after Austin Lakes had closed on the purchase of the first section of the subdivision and also represented that Avon Utilities was in good standing and was in compliance with applicable agency regulations. In light of these representations, Austin Lakes arranged for construction financing for the subdivision homes and arranged permits for approvals pertinent to the continuation of the development.

On or about August 11, 1989, the Indiana Department of Environmental Management (IDEM) informed Austin Lakes that its construction permit had been denied because of serious waste treatment noncompliance by Avon Utilities. Austin Lakes learned that the IDEM had cited, criticized, and fined Avon Utilities and had refused hookup approvals for the utility because Avon Utilities had discharged raw or excess sewage into the White Lick Creek and because it had agreed to provide sewage treatment for new developments beyond its capacity. In response to the IDEM's actions, Avon Utilities had entered into an agreed order with the IDEM, apparently under the authority of Ind.Code 13–7–11–2, to make capital improvements to its plant.

After Austin Lakes had learned of these matters, Avon Utilities assured Austin Lakes that it could bring itself into compliance within two weeks by submitting a plan and working with the State. Avon Utilities then represented that it would do so. In light of this, Austin Lakes obtained lines of credit to continue with the Subdivision. Avon Utilities later represented that it had made commitments which would bring it into compliance to the State, but it had not done so. The denial of hookup approval brought the development to a standstill.

Austin Lakes eventually gained approval for the first section of its subdivision, which consists of forty-one hookups, but did not appeal the denial of its first application for the construction permit. Austin Lakes instead brought suit against Avon Utilities, which eventually filed a motion to dismiss the complaint pursuant to Ind.Trial Rule 12(B)(1): lack of jurisdiction over the subject-matter. Avon Utilities contended that the trial court had no subject matter jurisdiction over the case because Austin Lakes had not exhausted its administrative remedies with the Indiana Utility Regulatory Commission (IURC) or with the IDEM and because these agencies had primary jurisdiction over the issues presented. The trial court granted the motion, and Austin Lakes appeals.

■■■■ When a trial court is confronted with a motion to dismiss under T.R. 12(B)(1), it must, then, decide upon the com-

plaint, the motion, and any affidavits or other evidence submitted whether or not it possesses the authority to further adjudicate the action. *Cooper v. County Board of Review of Grant County* (1971), 150 Ind.App. 232, 276 N.E.2d 533. The motion, however, is not converted into a motion for summary judgment under T.R. 56. *See Mid–States Aircraft Engines v. Mize Co., Inc.* (1984), Ind.App., 467 N.E.2d 1242, 1246–1247. Federal appeals courts review de novo the dismissal of a complaint for failure to allege subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). *Love v. U.S.* (9th Cir.1989), 871 F.2d 1488. We will do likewise under our T.R. 12(B)(1).

■ Avon Utilities first contends that Austin Lakes should have appealed the IDEM's denial of its permit and thereby have exhausted its administrative remedies. An exception to the general exhaustion rule exists, however, where the administrative remedy would be futile. *Ahles v. Orr* (1983), Ind.App., 456 N.E.2d 425. An appeal of the denial of Austin Lakes' permit would have been futile because Avon Utilities could not service all of the lots, as it had promised to do, due to excess flows and noncompliance with its own authoritative permits. Because of these shortcomings, Avon Utilities was operating under an agreed order, apparently under I.C. 13–7–11–2, which was to bring it into compliance.

Also, Avon Utilities claims that Austin Lakes should have appealed the denial of the permit because, if the appeal were granted, the administrative law judge could have ordered hook-ups and thereby eliminated or ameliorated any damages or costs associated with delay in obtaining sewage disposal services. Avon Utilities claims the administrative law judge would likely have done so, as Austin Lakes gained approval for forty-one hookups some three months after the original denial. This claim, however, does not address the issue which is the basis of this appeal. We conclude below that the trial court improperly dismissed the case for lack of subject matter jurisdiction. Avon Utilities' mitigation of damages claim belongs in the trial court.

Finally, Avon Utilities claims that Austin Lakes really seeks a review and reversal of the permit denial "without giving IDEM the opportunity to resolve the issue and measure the impact on our environment." Austin Lakes must, however, independent of the matters before the IURC, still apply for a construction permit before it can construct its sewer lines. If, as Avon Utilities is brought into capacity, it needs to make any capital alterations, then it may have to submit an application for a permit from the IDEM to do so. The IDEM will be involved, as usual, in the construction of the sewer and the service of the lots.

Avon Utilities also argues that, to the extent Austin Lakes is asking the trial court to compel Avon Utilities to comply with state and federal law, to provide reasonably adequate sewage disposal service in the future, to remedy its deficient performance of the forty-one hookups Avon Utilities has undertaken, and to provide the necessary certification of capacity and dry weather overloading/bypassing so that it may obtain a permit from the IDEM, Austin Lakes should have gone first to the IURC. The IURC issued Avon Utilities' certificate of territorial authority. The IURC has the power to obtain reasonably adequate sewage disposal service for Austin Lakes, whether that be either by wholly or partially revoking Avon Utilities' certificate of territorial authority, if Avon Utilities fails to provide reasonably adequate sewage disposal service, or by bringing an enforcement action.

■ We agree with the trial court and Avon Utilities that, while the IURC may not be able to award Austin Lakes monetary damages, it has the power to provide the very remedy of performance which Austin Lakes seeks. Indeed, the IURC possesses primary jurisdiction over the adequacy of the service provided by Avon Utilities. Austin Lakes must exhaust its administrative remedy with the IURC before it seeks relief from the trial court, whether that be for damages or injunctive relief.

The IURC's general grant of authority is found in I.C. 8–1–2–54, which provides in relevant part that upon a complaint made

against a public utility by ten complainants that any "practice or act whatsoever affecting or relating to the service of any public utility, or any service in connection therewith," is "in any respect" "unreasonable, unsafe," or "insufficient," or "that any service is inadequate or can not be obtained, the commission shall proceed ... to make such investigation as it may deem necessary or convenient." "The commission shall inquire into any neglect or violations of the statutes of this state" and it "shall have the power, and it shall be its duty, to enforce the provisions of [I.C. 8–1–2]." I.C. 8–1–2–115. Upon investigation, should the IURC find that any service is inadequate or that any service which can be reasonably demanded cannot be obtained, "the commission shall ... fix just and reasonable ... acts, practices or service to be furnished, imposed, observed and followed in the future ... and shall make such other order respecting such ... service as shall be just and reasonable." I.C. 8–1–2–69. Specific authority to require of Avon Utilities reasonably adequate sewage disposal services and facilities is granted the IURC in I.C. 8–1–2–89(h), and the IURC has the express authority to revoke a certificate of territorial authority for the failure of the holder to furnish reasonably adequate sewage disposal service within the areas defined by its certificate or to comply with any other applicable order of the commission or any term, condition or limitation of its certificate. I.C. 8–1–2–89(k). That the IURC may utilize its authority to assure the furnishing of reasonably adequate sewage disposal service, particularly when the capacity of a utility is inadequate, is apparent from this court's decision in *Old State Utility v. Greenbriar Development* (1979), Ind.App., 181 Ind.App. 697, 393 N.E.2d 785, which affirms a partial revocation of a public utility's certificate of territorial authority for sewage disposal service.

■ Nevertheless, the type of claim presented determines whether a particular tribunal has subject matter jurisdiction. *Indiana Utility Regulatory Commission v. Gary Joint Venture* (1993), Ind.App., 609 N.E.2d 7, 9 (citing *Indiana Forge & Machine Co., Inc. v. Northern Indiana*

*Public Service Co.* (1979), Ind.App., 396 N.E.2d 910). Austin Lakes claims that it and Avon Utilities had an express or implied contract which required Avon Utilities to have the capacity to provide sewage disposal and treatment services and to maintain itself in a compliance condition which would have allowed sewage hookup. Austin Lakes maintains that these matters were within the control of Avon Utilities and that Avon Utilities breached the contract when it did not achieve them. Austin Lakes seeks specific performance of the contract for the harm the breach caused. Austin Lakes also claims that Avon Utilities' statements about capacity and compliance were false and misleading, were made with full knowledge and intent of falsity, were made with the intention that Austin Lakes rely on them, and induced Austin Lakes to act or to refrain from acting. Austin Lakes also maintains that it was harmed by the fraudulent statements. Finally, Austin Lakes claims that Avon Utilities made representations and promises about capacity and compliance which it should reasonably have expected to induce action on the part of Austin Lakes or a third party and that Austin Lakes was, in fact, induced to rely on the representations and promises. Austin Lakes maintains that Avon Utilities should be estopped from contesting the enforceability of those promises.

■ Austin Lakes has presented a breach of contract claim, and the construction and breach of contracts are matters for judicial determination. *Indiana Telephone Corp. v. Indiana Bell Telephone Co.* (1976), 171 Ind.App. 616, 358 N.E.2d 218, *modified,* 171 Ind.App. 616, 360 N.E.2d 610. The presence of these factors, however, will not deprive the agency of jurisdiction if the claim is otherwise committed to agency review. *Indiana Forge & Machine Co., Inc. v. Northern Indiana Public Service Co.* (1979), Ind.App., 396 N.E.2d 910, 912. Austin Lakes also advances a claim of fraud, and this is likewise the type of issue reserved for judicial resolution. *Citizens Gas & Coke Utility v.*

*Sloan* (1964), 136 Ind.App. 297, 196 N.E.2d 290 (fraud and rescission of contract).

The Hendricks Superior Court No. 1 is a court of general jurisdiction. I.C. 33–5–25–2; I.C. 33–5–25–5. Courts of general jurisdiction are presumed to have subject matter jurisdiction. *Mishler v. County of Elkhart* (1989), Ind., 544 N.E.2d 149. Subject matter jurisdiction refers only to the power of a court to hear and decide a particular class of cases, and it cannot be conferred by consent of the parties. *State ex rel. Young v. Noble Circuit Court* (1975), 263 Ind. 353, 332 N.E.2d 99. The trial court had the power to hear and decide the particular class of case involved here, that is, one which involves breach of contract and fraud. The trial court therefore had subject matter jurisdiction and erroneously concluded that it did not.

As discussed above, however, the IURC also had jurisdiction of some of the issues raised in this case. Even though the IURC cannot grant Austin Lakes all of the relief it seeks, where a remedy is available from the IURC which contemplates a determination of the precise issue upon which further relief in the trial court would depend, the law will require exhaustion of the administrative remedy, even though the specific relief available from the IURC would differ from that available in the trial court. *See Indiana Bell Telephone v. Friedland* (1978), 175 Ind.App. 622, 373 N.E.2d 344, 352.

Nonetheless, under the doctrine of primary jurisdiction, the correct result is for the trial court to retain jurisdiction pending a decision by the agency, not to dismiss the action, where a party may be prejudiced by a dismissal. *See South Eastern Indiana Natural Gas Co, Inc. v. Ingram* (1993), Ind.App., 617 N.E.2d 943, 949–950, n. 4. Dismissal of the action here would be prejudicial because Austin Lakes has asserted claims which are matters for judicial and not IURC resolution and the IURC is without power to grant the monetary damages Austin Lakes seeks.

Plainly, the precise issue upon which further relief is dependent, Avon Utilities' breach of the contract by failing to keep itself in compliance with federal and state law and by failing to expand its plant and physical facilities to provide the promised service, is the very matter entrusted by the legislature to the IURC. Any further relief from the trial court is absolutely dependent upon a determination that Avon Utilities is out of compliance with federal or state law and that an expansion is necessary to bring it into compliance. These determinations fall squarely within the IURC's competence. An Indiana trial court must defer to the IURC for resolution of these issues.

Judgment reversed.

BAKER and CHEZEM, JJ., concur.